1   Abraham J. Colman (SBN 146933)
    acolman@reedsmith.com
2   Felicia Y. Yu (SBN 193316)
    fyu@reedsmith.com
3   Amir Shlesinger (SBN 204132)
    ashlesinger@reedsmith.com
4   Janet M. Lee (SBN 251518)
    jmlee@reedsmith.com
5   REED SMITH LLP
    355 S. Grand Avenue, Suite 2900
6   Los Angeles, CA 90071
    Telephone:  213.457.8000
7   Facsimile:   213.457.8080

8   Attorneys for Defendant
    FIA Card Services, N.A.

9

10

11                     UNITED STATES DISTRICT COURT

12                    CENTRAL DISTRICT OF CALIFORNIA

13

14   GLORIA WHITE, individually and on        CV12- 06839 DMG((CWx)
     behalf of other persons similarly situated,
15                                             [Removal from the Superior Court of the
                    Plaintiff,                 State of California, County of Los
16                                             Angeles, Case No. BC486734]
          vs.
17                                             CLASS ACTION
     FIA CARD SERVICES, NATIONAL
18   ASSOCIATION, a federally chartered        **DEFENDANT FIA CARD
     national banking association, and DOES 1- SERVICES, N.A.'S NOTICE OF
19   10,                                       REMOVAL OF ACTION FROM
                                               SUPERIOR COURT OF THE STATE
20                  Defendant.                 OF CALIFORNIA, COUNTY OF
                                               LOS ANGELES, UNDER 28 U.S.C. §§
21                                             1332, 1441, AND 1453**

22                                             [Filed concurrently with Certification of
                                               Interested Parties, Civil Case Cover
23                                             Sheet, and Notice Of Pendency Of
                                               Other Action Or Proceeding]
24
                                               **[DIVERSITY OF CITIZENSHIP]**
25

26

27

28

US_ACTIVE-110250235.1

NOTICE OF REMOVAL

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

2   CENTRAL DISTRICT OF CALIFORNIA:

3   PLEASE TAKE NOTICE that Defendant FIA Card Services, N.A. ("FIA")

4   hereby removes this action from the Superior Court of the State of California, County

5   of Los Angeles, pursuant to 28 United States Code Sections 1332, 1441, and 1453

6   (Diversity Jurisdiction and Removal of Class Actions).

7   **A.    REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT**

8   **MATTER JURISDICTION PURSUANT TO 28 UNITED STATES CODE**

9   **SECTIONS 1332, 1441 AND 1453**

10   1.    On June 15, 2012, plaintiff Gloria White ("Plaintiff") filed a putative

11   class action complaint ("Complaint") in the Superior Court of the State of California

12   for the County of Los Angeles, entitled *Gloria White, individually and on behalf of*

13   *other persons similarly situated v. FIA Card Services, National Association,* Case No.

14   BC486734 (the "Action").

15   2.    On August 8, 2012, Plaintiff filed and served a First Amended Complaint

16   ("FAC") in the Action.

17   3.    In the FAC, Plaintiff asserts that California Penal Code Section 632

18   prohibits one from intentionally recording a confidential telephone conversation

19   without the consent of all parties to the conversation.  FAC, ¶ 17.  Plaintiff alleges that

20   FIA intentionally recorded confidential telephone communications with Plaintiff and

21   the other members of the proposed class she seeks to represent in violation of Section

22   632. *Id.* at ¶ 18.  As a result of FIA's alleged policy or practice of recording telephone

23   conversations without consent, Plaintiff seeks statutory damages of $5,000 for each

24   "invasion of their privacy in violation of Penal Code § 632 without having to prove

25   that they suffered or were threatened with any actual monetary damages." *Id.* at ¶ 20.

26   Plaintiff also seeks reasonable attorneys' fees. *Id.* at ¶ 21.

27   4.    This Action is a civil action over which this Court has jurisdiction under

28   28 United States Code Section 1332(d) and which may be removed to this Court

US_ACTIVE-110250235.1

pursuant to Section 1441(a) because: (1) there is diversity of citizenship between defendant FIA and Plaintiff; (2) the aggregate number of proposed plaintiffs is greater than 1001; and (3) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, as set forth below.

**Diversity of Citizenship**

5.     Pursuant to Section 1332(d)(2)(A), only minimal diversity of citizenship is required.  *See* 28 U.S.C. Section 1332(d)(2)(A) (requiring that "any member of a class of plaintiffs is a citizen of a State different from any defendant.").  Here, defendant FIA is informed and believes, and on that basis alleges, that at the commencement of this Action, and at all times herein, Plaintiff was, and now is, a citizen of the State of California.  *See* FAC, ¶¶ 4-6 (asserting that Plaintiff is a resident of Los Angeles, California); *see also Marsikyan v. Porsche Cars North America, Inc.*, No. CV 11–09411 SJO (CWx), 2012 WL 280585, *1 (C.D. January 30, 2012) ("A person is a 'citizen' of the state where he or she is domiciled...A person's residence can be prima facie evidence of citizenship.") (citing *Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir.2001); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir.1994)).

6.     At the commencement of this Action, and at all times herein, defendant FIA was a national association with its main office located in the State of Delaware. For diversity purposes, a national bank's citizenship is controlled by 28 U.S.C. § 1348, which provides that a national banking association "is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia, N.A. v. Schmidt*, 546 U.S. 303, 318 (2006).  FIA is therefore a citizen of the State of Delaware.

**The Number of Putative Class Members**

7.     Plaintiff filed the FAC on behalf of herself and all other persons similarly situated who "since the date three years preceding the filing of this complaint, spoke with an employee or agent of FIA via telephone, including, but not limited to cellular

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 3 –

US_ACTIVE-110250235.1

phones and VOIP systems, and whose telephone conversation was recorded by FIA."
FAC, ¶ 12.

8.  According to Plaintiff's FAC, the putative class consists of over 1001 members, thus satisfying 28 U.S.C. Section 1332(d)(5)(B)'s requirements.  FAC, ¶ 13(a).

**Amount in Controversy**

9.  In the FAC, Plaintiff alleges that she and the other proposed class members are "entitled to recover $5,000 in statutory damages for each invasion of their privacy in violation of Penal Code § 632…"  FAC, ¶ 20.

10.  Based on Plaintiff's allegation that the class consists of over 1001 members who are entitled to a minimum of $5,000 per violation of Penal Code Section 632, it is apparent from the face of the FAC that the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

**B.   THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.**

11.  On July 9, 2012, defendant FIA was served with a copy of the Complaint. On August 8, 2012, defendant FIA was served with a copy of the FAC.  A true and correct copy of the Summons, Complaint, and FAC is attached hereto as Exhibit A.

12.  Exhibit A constitutes all pleadings, process, and orders filed and served on defendant FIA.

13.  The United States District Court for the Central District of California, Western Division encompasses Los Angeles County, the county in which the Action is now pending.  Therefore, this case is properly removed to this Court pursuant to 28 United States Code Sections 84(c)(2) and 1441(a).

14.  Because this Notice of Removal is being filed within 30 days of July 9, 2012, it is timely filed pursuant to 28 United States Code Section 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day period runs from formal service of the complaint).  Further, because this

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

US_ACTIVE-110250235.1

Notice of Removal is also being filed within 30 days of August 8, 2012, the date that FIA received the FAC from which it may *first* be ascertained that the case is one which is or has become removable, it is also timely filed pursuant to 28 United States Code Section 1446(b)(3) (providing, in pertinent part, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable").

15.    No previous request has been made for the relief requested herein.

16.    Notice of this removal is being given both to the state court and to the adverse party pursuant to 28 United States Code Section 1446(d).

WHEREFORE, FIA respectfully removes this action from the California Superior Court for the County of Los Angeles to this Court pursuant to 28 United States Code Sections 1332, 1441, and 1453.[1]


DATED:  August 8, 2012.

REED SMITH LLP


By   /s/ Janet M. Lee
          Abraham J. Colman (SBN 146933)
          Felicia Y. Yu (SBN 193316)
          Amir Shlesinger (SBN 204132)
          Janet M. Lee (SBN 251518)
          Attorneys for Defendant
          FIA Card Services, N.A.

---

[1] As indicated in the concurrently filed Notice Of Pendency Of Other Action Or Proceeding, FIA anticipates filing a motion to transfer, or in the alternative, stay this action pending the final adjudication of the following action involving substantially the same subject matter and substantially the same parties: *Katie Knell, individually and on behalf of all others similarly situated v. Encore Receivable Management, Inc., and FIA Card Services, N.A.*, United States District Court, Southern District of California, Case No. 3:12-cv-00426-AJB-WVG.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

NOTICE OF REMOVAL

US_ACTIVE-110250235.1

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FIA CARD SERVICES, NATIONAL ASSOCIATION, a deferally
chartered national banking association, and DOES 1-20

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
GLORIA WHITE, individually and on behalf of other persons similarly
situated

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUN 15 2012

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Los Angeles County Superior Court, 111 North Hill Street, Los Angeles, CA 90012 | **CASE NUMBER:**<br>*(Número del Caso):*<br>BC486734 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ari E. Moss, 15300 Ventura Blvd., Ste. 207, Sherman Oaks, CA 91403

| DATE:<br>*(Fecha)* | John A. Clarke | Clerk, by<br>*(Secretario)* | CRISTINA GRIJALVA | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

JUN 15 2012

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Ari E. Moss (SBN 238579)<br>LAW OFFICES OF ARI MOSS<br>15300 Ventura Blvd., Ste. 207<br>Sherman Oaks, CA 91403<br>TELEPHONE NO.: (310) 982-2984   FAX NO.: (310) 861-0389<br>ATTORNEY FOR *(Name):* Plaintiff Gloria White and putative class | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>JUN 15 2012<br><br>John A. Clarke, Executive Officer/Clerk<br>BY *(signature)* Deputy<br>Cristina Grijalva |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
White et al. v. FIA, N.A. et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>BC486734 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse<br>condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [✓] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

**2.** This case [ ] is [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
factors requiring exceptional judicial management:

a. [ ] Large number of separately represented parties          d. [ ] Large number of witnesses
b. [ ] Extensive motion practice raising difficult or novel      e. [ ] Coordination with related actions pending in one or more courts
   issues that will be time-consuming to resolve          in other counties, states, or countries, or in a federal court
c. [ ] Substantial amount of documentary evidence          f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive

**4.** Number of causes of action *(specify):*

**5.** This case [✓] is [ ] is not  a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 15, 2012

Ari E. Moss
_____
(TYPE OR PRINT NAME)                                     ► *(signature)*
                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

| SHORT TITLE:  White et al. v. FIA, N.A. et al. | CASE NUMBER   BC486734 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 7 __ ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)

LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0

| SHORT TITLE: White et al. v. FIA, N.A. et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach –Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: White et al. v. FIA, N.A. et al. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☑ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: White et al. v. FIA, N.A. et al. | CASE NUMBER |
|---|---|

**Item III.** *Statement of Location:* Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1,** as the proper reason for filing in the court location you selected.

| **REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.**<br><br>☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>CLASS ACTION |
|---|---|
| CITY:      STATE:     ZIP CODE: | |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _Stanley Mosk_ courthouse in the _CENTRAL_ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: _June 15, 2012_

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: White et al. v. FIA, N.A. et al. | CASE NUMBER: BC 486734 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 7 ___ ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> ### Applicable Reasons for Choosing Courthouse Location (see Column C below)
>
> 1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
> 2. May be filed in central (other county, or no bodily injury/property damage).
> 3. Location where cause of action arose.
> 4. Location where bodily injury, death or damage occurred.
> 5. Location where performance required or defendant resides.
> 6. Location of property or permanently garaged vehicle.
> 7. Location where petitioner resides.
> 8. Location wherein defendant/respondent functions wholly.
> 9. Location where one or more of the parties reside.
> 10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: White et al. v. FIA, N.A. et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: White et al. v. FIA, N.A. et al. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☑ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

| SHORT TITLE: White et al. v. FIA, N.A. et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1,** as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>CLASS ACTION |
|---|---|
| CITY: | STATE: | ZIP CODE: |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the CENTRAL District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: June 15, 2012

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5.  Payment in full of the filing fee, unless fees have been waived.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUN 15 2012

John A. Clarke, Executive Officer/Clerk
BY _____ /Deputy
Cristina Grijalva

1    Ari E. Moss, Esq. (SBN 238579)
     LAW OFFICES OF ARI MOSS
2    15300 Ventura Blvd., Ste. 207
     Sherman Oaks, California 91403
3    Phone: (310) 982-2984

4    Kenneth A. Goldman, Esq. (SBN 250941)
     LAW OFFICE OF KENNETH A. GOLDMAN, PC
5    15300 Ventura Blvd., Ste. 207
     Sherman Oaks, California 91403
6    Phone: (818) 287-7689

7    Zorik Mooradian (SBN 136636)
     LAW OFFICES OF ZORIK MOORADIAN
8    16501 Ventura Blvd., Ste. 410
     Encino, California 91436
9    Phone: (818) 783-4700

10    Attorneys for Plaintiff GLORIA WHITE

11

12            **SUPERIOR COURT OF CALIFORNIA**

        **COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

13

| | |
|---|---|
| **GLORIA WHITE,** individually and on behalf of other persons similarly situated, | Case No.: **BC 486734** |
| Plaintiff, | **CLASS ACTION** |
| vs. | **COMPLAINT FOR STATUTORY DAMAGES FOR UNLAWFUL RECORDING OF CONFIDENTIAL COMMUNICATIONS** |
| **FIA CARD SERVICES, NATIONAL ASSOCIATION,** a federally chartered national banking association, and **DOES 1-20,** | |
| Defendants. | |

21       Plaintiff Gloria White ("Plaintiff"), on behalf of herself and all others similarly situated

22   complains and alleges as follows:

23                      **INTRODUCTION**

24       1.     This class action lawsuit arises out of the unlawful recording of confidential

25   telephone conversations by defendant FIA CARD SERVICES, NORTH AMERICA. ("FIA").

26   Without the consent of customers who call FIA's customer service and sales numbers, FIA

27   records telephone conversations between its customers and FIA customer service agents.  When

28   FIA's customer service and sales representatives call its customers, FIA records these

                                                          **COMPLAINT**

1   conversations, also without the customer's consent.

2       2.     Recording of these telephone conversations without the consent of FIA customers

3   constitutes a violation of Penal Code Section 632.  Pursuant to Penal Code Section 637.2, every

4   customer who had a confidential telephone conversation with FIA recorded without their consent

5   is entitled to statutory damages in the amount of $5,000.

6       3.     The egregious nature of FIA's conduct is only underscored by the fact that FIA's

7   customers contact FIA for the purpose of personal and confidential financial communications.

8   FIA's illegal business practice is to preserve these private and often candid disclosures by

9   recording the calls.

10  ### JURISDICTION AND VENUE

11      4.     Venue is proper in this Judicial district and the County of Los Angeles because

12  Plaintiff resides in the County of Los Angeles, California, and FIA's obligations under California

13  law to not invade the privacy of Plaintiff and other Class members by recording their

14  confidential telephone conversations without their consent arose and were breached in the

15  County of Los Angeles.

16      5.     The California Superior Court has jurisdiction in this matter because Plaintiff is a

17  resident of California, FIA is qualified to do business in California, and FIA regularly conducts

18  business in California.  Further, there is no federal question at issue as the claims herein are

19  based solely on California law.

20  ### THE PARTIES

21  **A.**    **Plaintiff**

22      6.     Plaintiff is a resident of Los Angeles County, California.  Within the relevant

23  statutory time period, Plaintiff called 1-888-831-4181 and 1-800-732-9194 and spoke to an FIA

24  representative about an FIA service or product.  Unbeknownst to Plaintiff at that time, FIA

25  recorded those telephone conversations.  At no time prior to or during the conversation did FIA

26  provide notice to Plaintiff that FIA would or might record the conversation.  FIA recorded the

27  conversation without Plaintiff's consent.

28      7.     Plaintiff is informed and believes that other prospective and current clients of FIA

**COMPLAINT**

1   have had their phone conversations with FIA recorded without their knowledge or consent,

2   including, but not limited to outbound calls made from FIA to prospective and current clients

3   and/or patients of FIA, their caregivers and family members.  Plaintiff is informed and believes

4   that each incoming call and outgoing call to or from any prospective and current clients of FIA,

5   their agents and family members from all of its multiple divisions during the period within the

6   relevant statute of limitations was recorded without knowledge or consent.

7       8.      The members of the Class are identifiable, similarly situated persons who had

8   their telephone conversations between themselves and FIA recorded without their consent.

9       **B.      Defendants**

10      9.      FIA is a nationally chartered bank, with its principal place of business in

11  Delaware.

12      10.     Plaintiff is ignorant of the true names, capacities, relationships and extent of

13  participation in the conduct herein alleged of the Defendants sued herein as DOES 1 through 20,

14  but is informed and believes and thereon alleges that said Defendants are legally responsible for

15  the wrongful conduct alleged herein and therefore sue these Defendants by such fictitious names.

16  Plaintiff will amend this complaint to allege the true names and capacities of the DOE

17  Defendants when ascertained.

18      11.     Plaintiff is informed and believes and thereon alleges that each Defendant acted in

19  all respects pertinent to this action as the agent of the other Defendants, carried out a joint

20  scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant

21  are legally attributable to the other Defendants.

22      12.     Plaintiff brings this action on behalf of himself and on behalf of all other similarly

23  situated persons as a class action pursuant to Code of Civil Procedure § 382.  The members of

24  the Class are defined as follows:

25          All persons in California who, at any time since the date three years
            preceding the filing of this complaint, spoke with an employee or agent of
26          FIA via telephone, including, but not limited to cellular phones and VOIP
            systems, and whose telephone conversation was recorded by FIA.

27      13.     This action has been brought and may be maintained as a class action pursuant to

28

3

**COMPLAINT**

1   Code of Civil Procedure § 382 because there is a well-defined community of interest among

2   many persons who comprise a readily ascertainable class.

    a.  The Class members are so numerous that the individual joinder of all of them as

named plaintiffs is impractical.  While the exact number of Class members is

unknown to Plaintiff at this time, Plaintiff is informed and believes and thereon

alleges that there are not less than 100 members in the Class.

    b.  Common questions of law and fact exist as to members of the Class and

predominate over any questions which affect only individual members of the

Class.  These common questions include, but are not limited to:

        i.  Does FIA have a policy or practice of recording telephone conversations

with prospective and current clients of FIA, their agent and family

members?

        ii.  Does FIA have, or did FIA have during the period within the relevant

statute of limitations, a policy or practice of not informing prospective or

current clients of FIA, their agents and family members that their

telephone conversation with FIA will or may be recorded?

        iii.  Did FIA violate Penal Code § 632 by intentionally recording the telephone

conversations of persons who called FIA or were called by FIA?

        iv.  Are Class members entitled to minimal statutory damages of $5,000 for

every violation of Penal Code Section 632 under Penal Code Section

637.2?

    c.  Plaintiff is a member of the Class and his claims are typical of the claims of the

other Class members who Plaintiff seeks to represent.  Plaintiff and the other

members of the Class suffered the same injuries and seek the same relief.

    d.  Plaintiff will adequately and fairly protect the interests of the members of the

Class.  Plaintiff has no interest adverse to the interests of absent Class members.

Plaintiff is represented by legal counsel who has class action experience.

    e.  A class action is superior to other available means for fair and efficient

4

**COMPLAINT**

adjudication of the claims of the Class and would be beneficial for the parties and the court. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. The monetary amounts due to many individual Class members are likely to be relatively small, and the burden and expense of litigation would make it difficult or impossible for Class members to seek and obtain relief through individual lawsuits. A class action will serve an important public interest by providing Class members an effective mechanism for pursuit of the sums owed to them.

14.     Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action. Plaintiff, however, reserves the right to modify the scope of his class claims and/or the definition of the Class as may be warranted by investigation, discovery, legal developments or other events which occur during the litigation of Plaintiff's claims.

## FIRST CAUSE OF ACTION

## UNLAWFUL RECORDING OF CONFIDENTIAL COMMUNICATIONS

### (By Plaintiff and the Class against all Defendants)

15.     Plaintiff incorporates paragraphs 1 through 14 of this complaint as if fully alleged herein.

16.     At all relevant times, Plaintiff and the other members of the Class were persons entitled to legal protection against invasion of privacy pursuant to Penal Code § 632.

17.     Pursuant to Penal Code § 632, it is unlawful for a person to intentionally record a confidential telephone conversation without the consent of all parties to that conversation.

18.     FIA intentionally recorded the confidential telephone conversations of Plaintiff and other members of the Class in violation of Penal Code § 632. Plaintiff is informed and believes and thereon alleges that at times within the limitations period applicable to this cause of action, FIA had a policy or practice of recording telephone conversations that each incoming call

5

1   and outgoing call to or from any prospective and current clients and/or patients of FIA, their

2   caregivers and family members from all of its multiple divisions, which the said individuals

3   reasonably expected would be confined to those parties, without notifying said individuals

4   beforehand that the telephone conversation would or might be recorded.

5       19.     As a result of its conduct, FIA caused legal harm or injury to Plaintiff and other

6   members of the Class by invading their privacy in violation of Penal Code § 632.

7       20.     Pursuant to Penal Code Section 637.2, Plaintiff and other members of the Class

8   are entitled to recover $5,000 in statutory damages for each invasion of their privacy in violation

9   of Penal Code § 632 without having to prove that they suffered or were threatened with any

10  actual monetary damages.

11      21.     Plaintiff and members of the Class are entitled to recover reasonable attorney's

12  fees pursuant to Code of Civil Procedure Section 1021.5, the substantial benefit doctrine and/or

13  the common fund doctrine.

**PRAYER FOR RELIEF**

15      WHEREFORE, on behalf of himself and all others similarly situated, Plaintiff prays for

16  judgment against Defendants as follows:

17      A.      An order certifying this case as a class action and appointing Plaintiff and his

18  counsel to represent the Class;

19      B.      Statutory damages pursuant to Penal Code § 637.2;

20      C.      Reasonable attorney's fees;

21      D.      Costs of suit; and

22      E.      Such other relief as the Court may deem just and proper.

23  DATED: June 15, 2012          LAW OFFICES OF ARI MOSS
                                  LAW OFFICES OF KENNETH A. GOLDMAN
24                                LAW OFFICES OF ZORIK MOORADIAN

25

26                      By: _____

27                      Ari E. Moss, Esq.
                        Attorneys for Plaintiff, Gloria White and
                        Putative Class
28

6

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES

Case Number _____ BC 4 8 6 7 3 4 _____

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)).

| ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|
| Judge Elihu M. Berle | 323 | 1707 |
| Judge Kenneth Freeman | 322 | 1702 |
| Judge William F. Highberger | 307 | 1402 |
| Judge Jane Johnson | 308 | 1415 |
| Judge Anthony J. Mohr | 309 | 1409 |
| Judge John Shepard Wiley, Jr. | 311 | 1408 |
| OTHER | | |

## Instructions for handling Class Action Civil Cases

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

**APPLICATION**
The Chapter Three Rules were effective January 1, 1994.  They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts.  These matters may be heard and resolved at this conference.  At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____     JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (**Civil only**).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

    **Cases for Which Mediation May Be Appropriate**
    Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

    **Cases for Which Mediation May Not Be Appropriate**
    Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

    **Cases for Which Arbitration May Be Appropriate**
    Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

    **Cases for Which Arbitration May Not Be Appropriate**
    If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

    **Cases for Which Neutral Evaluation May Be Appropriate**
    Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

    **Cases for Which Neutral Evaluation May Not Be Appropriate**
    Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

### Information About Alternative Dispute Resolution:

California Rules of Court, rule 3.221, requires counties participating in the Dispute Resolution Programs Act ("DRPA"), to provide information about the availability of local dispute resolution programs funded under DRPA. In Los Angeles County, these services are made possible through major support from the Los Angeles County Department of Community and Senior Services through DRPA. The list of the local dispute resolution programs funded in Los Angeles County is set forth below.

Superior Court of California, Los Angeles County, ADR Office (213) 974-5425
www.lasuperiorcourt.org/ADR

**Staff and volunteers of the following identified agencies are not employees of the Los Angeles Superior Court:**

Asian-Pacific American Dispute Resolution Center (213) 250-8190 www.apadrc.org

California Academy of Mediation Professionals (818) 377-7250 www.mediationprofessionals.org

California Lawyers for the Arts, Arbitration and Mediation Service (310) 998-5590 www.calawyersforthearts.org/

Center for Conflict Resolution (818) 705-1090 www.ccr4peace.org

Inland Valleys Justice Center (909) 621-7479 www.ivjc.org

Korean American Coalition 4.29 Center (213) 365-5999 www.kacla.org

Los Angeles City Attorney's Office Dispute Resolution Program (213) 485-8324
www.lacity.org/mediate

Los Angeles County Bar Association Dispute Resolution Services
(877) 473-7658 (323) 930-1841 (888) 922-1322 (562) 570-1019 www.lacba.org/drs

Los Angeles County Department of Consumer Affairs (213) 974-0825

The Loyola Law School Center for Conflict Resolution (213) 736-1145 www.lls.edu/ccr

City of Norwalk Dispute Resolution Program (562) 929-5603
www.ci.norwalk.ca.us/socialservices2.asp

---

*These programs do not offer legal advice or help you respond to a summons, but they can assist in resolving your problem through mediation.*

**Dispute Resolution Programs Act
Contracts Administration Office: (213) 738-2621**

---

**INFORMATION ABOUT
ALTERNATIVE DISPUTE RESOLUTION**

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Click on the button to select the appropriate court address.

PLAINTIFF:

DEFENDANT:

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

- ☐ Mediation
- ☐ Non-Binding Arbitration
- ☐ Binding Arbitration
- ☐ Early Neutral Evaluation
- ☐ Settlement Conference
- ☐ Other ADR Process (describe): _____

Dated: _____

_____
Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

_____
Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

_____
Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

_____
Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

☐ Additional signature(s) on reverse

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

| COURTHOUSE ADDRESS: | |
|---|---|
| PLAINTIFF: | |
| DEFENDANT: | |
| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER |

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lasuperiorcourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                      FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c. No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d. If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e. If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

Ari E. Moss, Esq. (SBN 238579)
LAW OFFICES OF ARI MOSS
15300 Ventura Blvd., Ste. 207
Sherman Oaks, California 91403
Phone: (310) 982-2984
Facsimile: (310) 861-0389
ari@arimoss.com

Kenneth A. Goldman, Esq. (SBN 250941)
LAW OFFICES OF KENNETH A. GOLDMAN
15300 Ventura Blvd., Ste. 207
Sherman Oaks, California 91403
Phone: (818) 287-7689
ken@kengoldmanlaw.com

Zorik Mooradian (SBN 136636)
LAW OFFICES OF ZORIK MOORADIAN
16501 Ventura Blvd., Ste. 410
Encino, California 91436
Phone: (818) 783-4700
Facsimile: (818) 783-8983
zmooradian@aol.com

Attorneys for Plaintiff GLORIA WHITE

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| **GLORIA WHITE,** individually and on behalf of other persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**FIA Card Services, National Association,** a federally chartered national banking association, and **DOES 1-10,**<br><br>Defendants. | Case No.: BC 486734<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR STATUTORY DAMAGES FOR UNLAWFUL RECORDING OF CONFIDENTIAL COMMUNICATIONS** |

Plaintiff Gloria White ("Plaintiff"), on behalf of herself and all others similarly situated, complains and alleges as follows:

///

///

**FIRST AMENDED COMPLAINT**

1

2 **INTRODUCTION**

3       1.     This class action lawsuit arises out of the unlawful recording of confidential

4 telephone conversations by defendant FIA CARD SERVICES, NORTH AMERICA. ("FIA").

5 Without the consent of customers and/or patients who call FIA's customer service and sales

6 numbers, FIA records telephone conversations between its customers and FIA customer service

7 agents.  When FIA's customer service and sales representatives call its customers and/or

8 patients, FIA records these conversations, also without the customer and/or patient's consent.

9       2.     Recording of these telephone conversations without the consent of FIA customers

10 and/or patients constitutes a violation of Penal Code Section 632.  Pursuant to Penal Code

11 Section 637.2, every customer who had a confidential telephone conversation with FIA recorded

12 without their consent is entitled to statutory damages in the amount of $5,000.

13       3.     The egregious nature of FIA's conduct is only underscored by the fact that FIA's

14 customers and/or patients generally contact FIA for the purpose of obtaining supplies, equipment

15 and care for personal, private medical conditions.  FIA's illegal business practice is to preserve

16 these private and often candid disclosures by recording the calls.

17

18 **JURISDICTION AND VENUE**

19       4.     Venue is proper in this Judicial district and the County of Los Angeles because

20 Plaintiff resides in the County of Los Angeles, California, and FIA's obligations under California

21 law to not invade the privacy of Plaintiff and other Class members by recording their

22 confidential telephone conversations without their consent arose and were breached in the

23 County of Los Angeles.

24       5.     The California Superior Court has jurisdiction in this matter because Plaintiff is a

25 resident of California, FIA is qualified to do business in California, and FIA regularly conducts

26 business in California.  Further, there is no federal question at issue as the claims herein are

27 based solely on California law.

28

**FIRST AMENDED COMPLAINT**

**THE PARTIES**

**A.      Plaintiff**

6.      Plaintiff is a resident of Los Angeles County, California.  Within the relevant statutory time period, Plaintiff called (888) 831-4181 and spoke to an FIA representative about an FIA service or product.  Unbeknownst to Plaintiff at that time, FIA recorded that telephone conversation.  At no time prior to or during the conversation did FIA provide notice to Plaintiff that FIA would or might record the conversation.  FIA recorded the conversation without Plaintiff's consent.

7.      Plaintiff is informed and believes that other prospective and current clients of FIA have had their phone conversations with FIA recorded without their knowledge or consent, including, but not limited to outbound calls made from FIA to prospective and current clients and/or patients of FIA, their caregivers and family members.  Plaintiff is informed and believes that each incoming call and outgoing call to or from any prospective and current clients of FIA, their agents and family members from all of its multiple divisions during the period within the relevant statute of limitations was recorded without knowledge or consent.

8.      The members of the Class are identifiable, similarly situated persons who had their telephone conversations between themselves and FIA recorded without their consent.


**B.      Defendants**

9.      FIA is a nationally chartered bank, with its principal place of business in Delaware.

10.     Plaintiff is ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged of the Defendants sued herein as DOES 1 through 10, but is informed and believes and thereon alleges that said Defendants are legally responsible for the wrongful conduct alleged herein and therefore sue these Defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of the DOE Defendants when ascertained.

///

**FIRST AMENDED COMPLAINT**

1        11.     Plaintiff is informed and believes and thereon alleges that each Defendant acted in

2 all respects pertinent to this action as the agent of the other Defendants, carried out a joint

3 scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant

4 are legally attributable to the other Defendants.

5        12.     Plaintiff brings this action on behalf of himself and on behalf of all other similarly

6 situated persons as a class action pursuant to Code of Civil Procedure § 382.   The members of

7 the Class are defined as follows:

8               All persons in California who, at any time since the date three years

                preceding the filing of this complaint, spoke with an employee or agent of

9                FIA via telephone, including, but not limited to cellular phones and VOIP

                systems, and whose telephone conversation was recorded by FIA.

10

        13.     This action has been brought and may be maintained as a class action pursuant to

11 Code of Civil Procedure § 382 because there is a well-defined community of interest among

12 many persons who comprise a readily ascertainable class.

13        a.  The Class members are so numerous that the individual joinder of all of them as

14           named plaintiffs is impractical.  While the exact number of Class members is

15           unknown to Plaintiff at this time, Plaintiff is informed and believes and thereon

16           alleges that there are more than 1001 members in the Class.

17        b.  Common questions of law and fact exist as to members of the Class and

18           predominate over any questions which affect only individual members of the

19           Class.  These common questions include, but are not limited to:

20              i.  Does FIA have a policy or practice of recording telephone conversations

21                 with prospective and current clients of FIA, their agent and family

22                 members?

23             ii.  Does FIA have, or did FIA have during the period within the relevant

24                 statute of limitations, a policy or practice of not informing prospective or

25                 current clients of FIA, their agents and family members that their

26                 telephone conversation with FIA will or may be recorded?

27 ///

28

**FIRST AMENDED COMPLAINT**

iii.  Did FIA violate Penal Code § 632 by intentionally recording the telephone conversations of persons who called FIA or were called by FIA?

iv.  Are Class members entitled to minimal statutory damages of $5,000 for every violation of Penal Code Section 632 under Penal Code Section 637.2?

c.  Plaintiff is a member of the Class and his claims are typical of the claims of the other Class members who Plaintiff seeks to represent.  Plaintiff and the other members of the Class suffered the same injuries and seek the same relief.

d.  Plaintiff will adequately and fairly protect the interests of the members of the Class.  Plaintiff has no interest adverse to the interests of absent Class members. Plaintiff is represented by legal counsel who has class action experience.

e.  A class action is superior to other available means for fair and efficient adjudication of the claims of the Class and would be beneficial for the parties and the court.  Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.  The monetary amounts due to many individual Class members are likely to be relatively small, and the burden and expense of litigation would make it difficult or impossible for Class members to seek and obtain relief through individual lawsuits.  A class action will serve an important public interest by providing Class members an effective mechanism for pursuit of the sums owed to them.

14.  Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.  Plaintiff, however, reserves the right to modify the scope of his class claims and/or the definition of the Class as may be warranted by investigation, discovery, legal developments or other events which occur during the litigation of Plaintiff's claims.

///

5

**FIRST AMENDED COMPLAINT**

## FIRST CAUSE OF ACTION

## UNLAWFUL RECORDING OF CONFIDENTIAL COMMUNICATIONS

### (By Plaintiff and the Class against all Defendants)

15.     Plaintiff incorporates paragraphs 1 through 14 of this complaint as if fully alleged herein.

16.     At all relevant times, Plaintiff and the other members of the Class were persons entitled to legal protection against invasion of privacy pursuant to Penal Code § 632.

17.     Pursuant to Penal Code § 632, it is unlawful for a person to intentionally record a confidential telephone conversation without the consent of all parties to that conversation.

18.     FIA intentionally recorded the confidential telephone conversations of Plaintiff and other members of the Class in violation of Penal Code § 632.  Plaintiff is informed and believes and thereon alleges that at times within the limitations period applicable to this cause of action, FIA had a policy or practice of recording telephone conversations that each incoming call and outgoing call to or from any prospective and current clients and/or patients of FIA, their caregivers and family members from all of its multiple divisions, which the said individuals reasonably expected would be confined to those parties, without notifying said individuals beforehand that the telephone conversation would or might be recorded.

19.     As a result of its conduct, FIA caused legal harm or injury to Plaintiff and other members of the Class by invading their privacy in violation of Penal Code § 632.

20.     Pursuant to Penal Code Section 637.2, Plaintiff and other members of the Class are entitled to recover $5,000 in statutory damages for each invasion of their privacy in violation of Penal Code § 632 without having to prove that they suffered or were threatened with any actual monetary damages.

21.     Plaintiff and members of the Class are entitled to recover reasonable attorney's fees pursuant to Code of Civil Procedure Section 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

/ / /

6

**FIRST AMENDED COMPLAINT**

**PRAYER FOR RELIEF**

WHEREFORE, on behalf of himself and all others similarly situated, Plaintiff prays for judgment against Defendants as follows:

A.      An order certifying this case as a class action and appointing Plaintiff and his counsel to represent the Class;

B.      Statutory damages pursuant to Penal Code § 637.2;

C.      Reasonable attorney's fees;

D.      Costs of suit; and

E.      Such other relief as the Court may deem just and proper.


DATED: August 7, 2012            LAW OFFICES OF ARI MOSS
                                 LAW OFFICES OF KENNETH A. GOLDMAN
                                 LAW OFFICES OF ZORIK MOORADIAN



                          By:  _____
                                 Ari E. Moss, Esq.
                                 Attorneys for Plaintiff, Gloria White and
                                 Putative Class

---

7

**FIRST AMENDED COMPLAINT**

**PROOF OF SERVICE**
**WHITE v. FIA CARD SERVICES, N.A.**
**LASC CASE NO. BC 486734**

I am over the age of eighteen years and not a party to the within action.  My business address is 15300 Ventura Blvd., Ste. 207, Sherman Oaks, CA 91403.

On the date set forth below I served the document(s) described as:

- FIRST AMENDED COMPLAINT

  by placing: [✓] the original  [ ] true copies thereof enclosed in sealed envelopes, addressed as follows, which addresses are the addresses last given by the respective addressees on any document filed in the above case and served on

JANET LEE, ESQ.
Reed Smith LLP
355 S. Grand, Ste. 2900
Los Angeles, CA 90071

[✓]    BY MAIL (Pickup): I am readily familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service.  On the date set forth below, at the LAW OFFICES OF ARI MOSS, I placed the envelope(s) containing said document(s), sealed, for collection and mailing on that date with the United States Postal Service following ordinary business practices.  Under the above-mentioned practice of THE LAW OFFICES OF ARI MOSS, the above document(s) would be deposited with the United States Postal Service on that same day in the ordinary course of business, with postage thereon fully prepaid at Los Angeles, California.

[✓]    (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed in Los Angeles County, California, on August 8, 2012.

Ari E. Moss

8

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Dolly Gee and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

### CV12- 6839 DMG (CWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

====================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[✓] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Gloria White, individually and on behalf of other persons similarly situated | FIA Card Services, N.A. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Ari E. Moss, Esq., Law Offices of Ari Moss<br>15300 Ventura Blvd., Suite 207<br>Sherman Oaks, CA 91403   (Tel: 310-982-2984) | Abe J. Colman; Felicia Y. Yu; Amir Shlesinger; Janet M. Lee<br>Reed Smith LLP<br>355 South Grand Ave., Suite 2900<br>Los Angeles, CA 90071  (Tel. 213-457-8000) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☑ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☑ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No   ☑ **MONEY DEMANDED IN COMPLAINT: $** 5,000,000+

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. Sections 1332, 1441, and 1453

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☑ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

CV12-06839

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                         CIVIL COVER SHEET                         Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Delaware |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _Janet Lee_                Date August 8, 2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |